IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MICHAEL S. BAUGHMAN, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-CV-357-RWS-RSP |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

### ORDER

Before the Court is Petitioner Michael S. Baughman's objections to the Magistrate Judge's Report and Recommendation. Docket No. 29. Petitioner Baughman, a prisoner within the Texas Department of Criminal Justice proceeding *pro se*, filed this federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket No. 1. The case was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636(b)(1).

**I.   Background**

Petitioner Baughman was charged by indictment with sexual assault of a child and—by information—for retaliation. On March 11, 2013, after entering a guilty plea for each charge, the trial court deferred adjudication of guilt, placing Baughman on two terms of ten years' deferred adjudication probation. Docket No. 15, Ex. 32 at 14, Ex. 36 at 13. The trial court in July 2013 determined that Petitioner violated the conditions of his probation, adjudicated him guilty, and assessed a sentence of eleven years' imprisonment for sexual assault of a child—and a sentence of ten years' imprisonment for retaliation, to be served concurrently. *Id.*, Ex. 32 at 22, Ex. 36 at 21.

In his petition filed in 2022, Petitioner maintains that his indictments are defective, and that his trial counsel was ineffective for failing to investigate or present all evidence, including declaratory affidavits, in open court. *See* Docket No. 1. Respondent argues that Petitioner's petition

is time-barred under the AEDPA and that his petition should be dismissed with prejudice. Docket No. 14.

## II.   The Report of the Magistrate Judge

After a review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition be denied as time-barred, and that the case be dismissed with prejudice. Docket No. 27 ("R&R"). Specifically, the Magistrate Judge determined that in March 11, 2013, Petitioner was "sentenced to two terms of deferred adjudication for his offenses of sexual assault of a child and retaliation." R&R at 4. Petitioner did not appeal the adjudication orders. Accordingly, "his judgment for the deferred adjudication—for both offenses—became final in April 2013 under the AEDPA." *Id.* at 3–4; *see Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2006) ("Although an order of deferred adjudication is not a judgment under Texas law, it is a judgment under the relevant federal law."). Because AEDPA imposes a general one-year statute of limitations, Petitioner's federal limitations period therefore "expired in April 2014, absent any tolling." *Id.* at 3–4; 28 U.S.C. § 2244(d)(1); *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010) ("explaining that the AEDPA's statute of limitations starts to run for deferred-adjudication claims when the deferred-adjudication order becomes final."). The Magistrate Judge subsequently found this 2022 habeas petition to be time-barred.

The Magistrate Judge also found that Petitioner is not entitled to equitable tolling. R&R at 4; *Holland v. Florida*, 560 U.S. 631, 649 (2010) (explaining that the limitations period can be equitably tolled only if the petitioner demonstrates a diligent pursuit of his rights). Petitioner waited years after his deferred adjudication proceedings—which occurred in 2013— before filing his earliest state habeas application in 2018 and then this federal petition in 2022. It was not until Petitioner's adjudication was revoked and he was ultimately sentenced to a term of imprisonment

that he finally challenged his deferred adjudication order. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th. Cir. 2010) ("We have stated that equity is not intended for those who sleep on their rights."). Petitioner failed to diligently pursue his rights.

Finally, the Magistrate Judge *sua sponte* denied Petitioner a certificate of appealability because he determined that Petitioner failed to make a substantial showing of a denial of a constitutional right. R&R at 5; *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

### III.  Petitioner's Objections

Petitioner filed timely objections. Docket No. 29. In his objections, Petitioner provides no specific objections to the Magistrate Judge's report. He does not address, whatsoever, the timeliness analysis or his failure to act with due diligence regarding his rights. He offers nothing to show that his petition is not time-barred. Petitioner instead outlines Texas law concerning sex offender registration. He also highlights other Texas state procedures and definitions. Petitioner attaches various portions of his state court records to his objections. In other words, Petitioner failed to identify any error in the Magistrate Judge's Report.

A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Findings to which no specific objections are made do not require *de novo* review; the Court need only determine whether the R&R is clearly erroneous or contrary to

law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

### IV. Conclusion

Although not required, the Court has conducted a careful *de novo* review of the petition for writ of habeas corpus, the R&R, and Petitioner's objections. Upon such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that Petitioner's objections (Docket No. 29) are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 27) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled petition for writ of habeas corpus is **DENIED** as time-barred, and this case is **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that a certificate of appealability is denied *sua sponte*.

**So ORDERED and SIGNED this 26th day of March, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE